DAYTON POWER & LIGHT COMPANY, APPELLEE, *v.* OHIO CIVIL RIGHTS COMMISSION ET AL., APPELLANTS.

[Cite as Dayton Power & Light Co. *v.* Ohio Civil Rights Comm. (1987), 33 Ohio St. 3d 73.]

(No. 87-26—Decided November 10, 1987.)

*Freund, Freeze & Arnold, Neil F. Freund* and *Jane M. Lynch,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffrey B. Rubenstein,* for appellant Ohio Civil Rights Commission.

*Kenneth W. Scott* and *Edward S. Monohan,* for appellant Prather.

*Per Curiam.* R.C. 4112.06(E) provides that "[t]he findings of the commission as to the facts shall be conclusive if supported by reliable, probative, and substantial evidence on the record * * *." See, also, *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192, 20 O.O. 3d 200, 421 N.E. 2d 128, paragraph two of the syllabus. Where such evidence exists, it is improper for a court to substitute its judgment for that of the administrative agency.

This court has conducted a thorough review of the record. We find that a number of like incidents of horseplay as that involved in this case, including damage of company property, had previously occurred. All of the participants in those activities were white and none had ever been discharged for participating in the events. Some of the incidents were far more serious than that with which Prather was charged.

Evidence was also presented that some of those persons, all white, who were involved in the supervisory and termination "chain of command" of Prather, had previously admitted, in some cases, that they were racists and, by uncontroverted testimony, were shown to have exhibited racist behavior. It would serve no purpose here to relate all the particulars of those incidents, including behavior and language directed toward Prather that are contained in this record.

Suffice it to say that it is the judgment of this court that the record does, in fact, contain reliable, probative, and substantial evidence supporting the findings and orders of the commission and the trial court. Accordingly, the judgment of the court of appeals is reversed and the orders of the commission and the court of common pleas are reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER,

HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER, J., concurring. I concur completely with today's decision. I write separately to add an observation of my own.

As I have stated before, utility companies are quasi-public corporations and possess the characteristics of monopolies. The public interest increases with a monopoly for, as such, its actions are not regulated by the strictures of the marketplace. *Central State University* v. *Pub. Util. Comm.* (1977), 50 Ohio St. 2d 175, 179-180, 4 O.O. 3d 373, 375, 364 N.E. 2d 6, 9 (Locher, J., dissenting). This is a point I have often stressed in rate cases before this court. I also believe it is a salient point to be made in considering cases such as the one at bar.

As quasi-public corporations, utility companies should be at the forefront in maintaining non-discriminatory policies and fostering equal opportunity in the workplace. The facts of this case revealing such discrimination and needless childish actions are, in a word, appalling.