**Little Forest Medical Center v.
Civil Rights Commission**
*[Cite as 2 AOA 480]*

*Case No. 14312*
*Summit County, (9th)*
*Decided April 11, 1990*

*R.C. 4112.02*

*David H. Shaffer and Michael J. Spetrino, Attorneys at Law, 50 S. Main St., #700, Akron, OH 44308 for Plaintiff.*

*Gregory J. Vincent, Asst. Attorney General, 50 W. Broad St., #1718, Columbus, OH 43215 for Defendants.*

CIRIGLIANO, J.

Little Forest Medical Center (Little Forest) operates a 256 bed skilled nursing facility. Little Forest's patients are primarily elderly and non-ambulatory. Eighty percent are female. Most of their extensive health and personal needs are cared for by an all-female staff of ten registered nurses, forty licensed practical nurses and sixty-seven nurse's aides. The staff is assigned to cover rooms which are adjacent to one another so as to make efficient and cost-effective use of staff time.

On June 19, 1986, Rayferd Lawson applied to Little Forest for work as a "nurse's assistant", an "EKG tech" or to do "electrical maintenance" with hopes of compensation at around five dollars ($5.00) per hour. Because of his education and training, Lawson testified that he wanted to work in the medical field either as a nurse's aide or in some comparable position. However, Lawson testified that the head nurse told him he was ineligible for employment as a nurse's aide because he was a man. Little Forest told Lawson that the female patients would object.

Lawson filed a charge of discrimination with the Ohio Civil Rights Commission (OCRC).

Following an investigation and hearing, OCRC concluded that Little Forest could not justify excluding males from its staff as nurse's aides and ordered Little Forest to employ Lawson and to pay him back wages. The court of common pleas affirmed OCRC's order. In this appeal, we address Little Forest's seven assignments of error to determine whether substantive, reliable, and probative evidence supports the decision of the trial court. *Dayton Power and Light Co.* v. *Ohio Civil Rights Commission* (1987), 33 Ohio St. 3d 73, 74.

### ASSIGNMENTS OF ERROR

"I. The court of common pleas erred when it overruled appellant's appeal as to the ruling by the Ohio Civil Rights Commission that appellant had the burden to prove that no reasonable management alternatives existed which would permit it to employ a male nurses' aide at the appellant's nursing home."

"II. The court of common pleas erred when it affirmed the Commission's order which was founded upon the rebuttal testimony of the Commission's expert witness, on the subject of the management of the nursing home because the witness had never visited the appellant's facility, had never spoken with the residents of the nursing home, had never reviewed the floor plan of the facility and had no personal knowledge regarding the staff at the nursing home and hence was not qualified to render an opinion on the issues."

Little Forest contends that its only burden is to produce evidence which would justify the business practice of excluding men from positions as nurse's aides. Little Forest contends that the OCRC incorrectly allocated the burdens of production and persuasion which the parties were to bear.

The United States Supreme Court recently set forth the steps through which a plaintiff must proceed in proving the disparate impact of an employer's practices. *Wards Cove Packing Co., Inc.* v. *Antonio* (1989), 57 U. S. L. W. 4583. The analysis is applicable to this case. The plaintiff carries the burden of persuasion throughout the case. If, as here, the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to produce evidence that these hiring practices serve, in a significant way, the employer's legitimate employment goals. Once the evidence of business necessity has been produced, the burden shifts back to the plaintiff to show that alternative practices existed which could achieve the employer's employment goals. *Wards Cove Packing Co., Inc.* v. *Antonio* at 4588.

Following a review of the record, OCRC concluded, in part, as follows:

"***.

"4. In these cases Respondent [Little Forest] has the burden of proof. Respondent must prove: (a) there is a factual basis for its belief that women would object to intimate contact by male nurse's aides, and (b) it would not be possible to assign job responsibilities in such a manner as to minimize the clash between privacy rights of the patients and the antidiscrimination provisions of Ohio's Laws Against Discrimination. *Backus v. Baptist Medical Center*, 510 F. Supp. 1191, 25 FEP Cases 8092 (E.D. Ark. 1981); *Fesel, supra.*

"5. Respondent proved there was a factual basis for its belief that some female patients would object to being viewed in the nude or having their genitals touched by males. The testimony of the physician who treated many of Respondent's female patients and the nurses who cared for them supported this conclusion. The Commission did not present any evidence to the contrary.

"6. However, Respondent failed to prove it could not rearrange its method of assigning work to nurse's aides to eliminate the privacy problem. In fact, the evidence showed that Respondent's policy of hiring only female nurse's aides violates the privacy interests of its male patients who might object to being viewed in the nude or touched in the genital area by females. *See, Jones v. Hinds General Hospital*, 666 F. Supp. 933, 44 FEP Cases 1076 (S.D. Miss. 1987). (Hospital was required to have at least one male orderly on duty to protect male patients' privacy interests.)"

"***."

OCRC concluded that Little Forest "failed to prove" it was not possible to reassign job responsibilities. Little Forest does not have this burden. The burden was on OCRC to prove that Little Forest could make a reasonable accommodation which would allow Lawson to work and still maintain the privacy of the patients. The only proof presented by OCRC was Dr. Wykle's testimony. Dr. Wykle had never been to Little Forest, never spoke with the residents, had no knowledge of the floor plan or management of the staff. OCRC did not meet its burden.

Little Forest met its burden. It was improper to find Little Forest "failed to prove"

a fact that it was not required to prove. Accordingly, we sustain Little Forest's first and second assignments of error.

### ASSIGNMENTS OF ERROR

"III. The court of common pleas erred in refusing to set aside the Commission's ruling which allowed counsel for the Ohio Civil Rights Commission to obtain an expert witness after the conclusion of the hearing in order to controvert the testimony of the Appellant's witnesses.

"IV. The court of common pleas erred in refusing to set aside the procedural rulings by the Hearing Officer for the Ohio Civil Rights Commission which rulings denied the Appellant's motion to compel answers and quashed a subpoena and refused a motion *in limine* and a motion for postponement and Appellant's motion for recusal by the Hearing Officer."

Little Forest contends that the OCRC hearing examiner erroneously ruled on various procedural matters which had the cumulative effect of denying Little Forest a fair and impartial hearing. At issue are certain comments made by the hearing examiner during a phone conversation, the denial of Little Forest's motion for the hearing officer to recuse himself and the summary denial of motions *in limine,* to compel answers to interrogatories, and for a continuance.

We have reviewed the entire record. The hearing examiner gave Little Forest opportunity to cross examine and to rebut OCRC's expert witness. Although the hearing examiner could have weighed some of his comments more carefully, we find no error in the hearing examiner's refusal to recuse himself. Nor was there error in the various procedural rulings which were made within the discretion of the hearing examiner. Accordingly, we overrule the third and fourth assignments of error.

### ASSIGNMENT OF ERROR V

"The court of common pleas erred in affirming that part of the ruling by the Ohio Civil Rights Commission which held that the appellant's unconditional offer of employment to the charging party did not toll appellant's liability for back pay."

Little Forest contends that its offer to employ Lawson as a custodial maintenance worker for one dollar more an hour than he would have received as a nurse's aide tolls it liability for back pay.

Lawson sought work in the medical, care-giving area or in electrical maintenance. He testified that he refused Little Forest's offer of custodial work because he did not find it comparable to what he wanted.

A claim for back pay is tolled where the claimant refuses an unconditional offer of substantially equivalent employment. *Ford Motor Co.* v. *E.E.O.C.* (1981), 458 U.S. 219, 232. Upon our review of the record, we find Little Forest made a reasonable accommodation which would have allowed Lawson more money to perform not identical, but substantially similar work. In evaluating whether substantially similar employment was offered Lawson, we do not rely solely on Lawson's personal desire but rather consider the totality of the evidence. Accordingly, we find that the award of back pay was improper and sustain Little Forest's fifth assignment of error.

### ASSIGNMENT OF ERROR VI

"The court of common pleas erred in affirming that part of the ruling by the Ohio Civil Rights Commission which denied appellant's uncontroverted pre-hearing motion for summary judgment."

Prior to the hearing. Little Forest moved for summary judgment. The only question presented to the hearing officer was whether the uncontroverted facts in Little Forest's affidavits sufficiently established its business necessity defense.

The hearing examiner ruled that establishing that sex was a bona fide occupational qualification required some factual determinations. Under these facts, we find no error in the hearing examiner's decision to deny Little Forest's motion for summary judgment as a matter of law. Accordingly, we overrule Little Forest's sixth assignment of error.

### ASSIGNMENT OF ERROR VII

"The court of common pleas erred when it granted enforcement to the findings and rulings made by the Ohio Civil Rights Commission, on the merits of the case, because the findings and rulings are not supported by reliable, probative and substantial evidence on the record."

Given our discussion set forth in the previous assignments of error and based upon a complete and careful review of the record, we find that the record does not contain reliable, probative and substantial evidence supporting the findings, conclusions of law and order of OCRC and the subsequent affirmance by the

trial court. Accordingly, we sustain Little Forest's seventh assignment of error.

### SUMMARY

Based on the foregoing reasons, we sustain the first, second, fifth and seventh assignments of error and overrule all others. The decision of the trial court is reversed and the caused is remanded for further proceedings.

*Judgment reversed, and cause remanded.*

BAIRD, J.
Concurs

QUILLIN, J.
Concurs in part and Dissents in part saying:

I agree with the opinion and judgment except as it relates to Assignment of Error V.